**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-CR-20255-DIMITROULEAS/HUNT**

**UNITED STATES OF AMERICA,**

**vs.**

**PATRICK BOYD and**
**CHARLES BOYD,**

                    **Defendants**.

_____/

### <u>UNITED STATES' PROPOSED JURY INSTRUCTIONS</u>

The United States of America respectfully requests that the Court charge the jury with the following instructions at the conclusion of evidence in the above-captioned case pursuant to Rule 30(a) of the Federal Rules of Criminal Procedure.   These instructions were primarily drafted using the April 15, 2024 version of the Eleventh Circuit's Pattern Jury Instructions for Criminal Cases. Where there are no Eleventh Circuit Pattern Jury Instructions for certain offenses or proposed instructions, case citations and/or statutory citations are provided in support.   Also attached is a proposed verdict form.   The United States has included a preliminary instruction to be given prior to opening statements based on Preliminary Instruction 1 of the Pattern Jury Instructions of the Eleventh Circuit.

The United States also requests permission to propose such additional instructions as may become appropriate based on the testimony and evidence presented at trial.  Pursuant to Rule 30(b) of the Federal Rules of Criminal Procedure, the United States further requests that the Court inform the parties prior to closing argument which instructions the Court will give to the jury.

                    Respectfully submitted,

                    JASON A. REDING QUIÑONES

United States Attorney

LORINDA LARYEA
Acting Chief, Fraud Section
Criminal Division
United States Department of Justice

By:         */s/ Alexander Thor Pogozelski*
Alexander Thor Pogozelski
Assistant United States Attorney
Florida Special Bar No. A5502549
99 Northeast 4th Street
Miami, Florida 33132
Tel: (786) 649-5251
Email: Alexander.Pogozelski@usdoj.gov

*/s/ Jacqueline Zee DerOvanesian*
Jacqueline Zee DerOvanesian
Trial Attorney
Florida Bar No. 125662
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue NW
Washington, D.C. 20005
Tel: (202) 285-9285
Email: Jacqueline.DerOvanesian@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-CR-20255-DIMITROULEAS/HUNT**

**UNITED STATES OF AMERICA,**

**vs.**

**PATRICK BOYD and**
**CHARLES BOYD,**

**Defendants**.

_____/

**P1**
**PRELIMINARY INSTRUCTIONS – CRIMINAL CASES**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse

carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves. What is not evidence: Certain things are not evidence and must not be considered. I will list them for you now:

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what

testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

<u>Rules for criminal cases:</u>

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove [his] [her] innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

3

<u>Conduct of the jury:</u>

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1.    Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2.    Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3.    You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4.    Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5.    Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6.    Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, or Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any

4

device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

<u>Taking notes:</u>

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let notetaking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

<u>Course of the trial:</u>

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-CR-20255-DIMITROULEAS/HUNT**

**UNITED STATES OF AMERICA,**

**vs.**

**PATRICK BOYD and**
**CHARLES BOYD,**

**Defendants**.

_____/

**B1**
**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendants guilty beyond a reasonable doubt.

**B2.1**

**The Duty to Follow Instructions and the Presumption of Innocence [When a Defendant Does Not Testify]**[1]

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendants or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendants do not have to prove their innocence or produce any evidence at all. A defendant does not have to testify, and you cannot consider in any way the fact that a Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find a Defendant not guilty.

---

[1] The United States respectfully requests leave to suggest a different instruction if one or both Defendants testify.

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning a Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

3

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**B7**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

### Charts or Summaries Admitted in Evidence[2]

Certain summaries and charts were admitted in evidence.   You may use those summaries and charts as evidence.

It is up to you to decide how much weight to give the charts and summaries.

---

[2] *United States v. Boccuzzi*, Case No. 19-CR-80030-WPD (S.D. Fla., ECF No. 578 at 12).

**Charts or Summaries Displayed But
Not Admitted in Evidence[3]**

Certain summaries and charts were shown to you to help explain other evidence that was admitted.   These summaries and charts are not themselves evidence or proof of any facts, so you will not have these particular summaries and charts during your deliberations.   If they do not correctly reflect the facts shown by the evidence, you should disregard the summaries and charts and determine the facts from the underlying evidence.

---

[3] *United States v. Boccuzzi*, Case No. 19-CR-80030-WPD (S.D. Fla., ECF No. 578 at 13).

**B8**
**Introduction to Offense Instructions**

The indictment charges eight separate crimes, called "counts," against the Defendants. Each count has a number. You will be given a copy of the indictment to refer to during your deliberations.

Counts 1, 4, and 5 charge the crime of conspiracy. Count 1 charges that the Defendants knowingly and willfully conspired (a) to introduce or deliver for introduction into interstate commerce adulterated drugs with the intent to defraud or mislead; (b) to introduce or deliver for introduction into interstate commerce misbranded drugs with the intent to defraud or mislead; and (c) to defraud the U.S. Food and Drug Administration (FDA).

Counts 2 and 3 charge that the Defendants committed what are called "substantive" offenses. These counts charge that the Defendants, with the intent to defraud or mislead, introduced or delivered for introduction into interstate commerce, or caused to be introduced or delivered into interstate commerce, a misbranded drug.

Count 4 charges that the Defendants knowingly and willfully conspired (a) to falsely make, forge, alter, or counterfeit the labeling or documentation of a pre-retail medical product; and (b) to possess, transport, or traffic in a pre-retail medical product involving false, altered, forged, or counterfeited labeling or documentation (including documentation relating to origination or shipping).

Count 5 charges that the Defendants knowingly and willfully conspired to commit wire fraud.

Counts 6 through 8 charge the Defendants with substantive offenses of wire fraud.

I will explain the law governing those substantive offenses in a moment.

But first note that the Defendants are not charged in Counts 1, 4, and 5 with committing

9

substantive offenses – they are charged with conspiring to commit those offenses.

I will also give you specific instructions on conspiracy.

**B8.1**
**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**B9.1A**
**Knowingly; Willfully – General**

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**B9.2**
**On or About a Particular Date**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

**B10.4**
**Caution: Punishment (Multiple Defendants, Multiple Counts)**

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. If you find a Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty or not guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**S1.1**
**Testimony of Accomplice, Informer, or Witness with Immunity**

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

**S1.2[4]**

**Testimony of Accomplice or Codefendant with Plea Agreement**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant and other accomplices in exchange for their testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant or accomplice would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

---

[4] This 11th Circuit Pattern Jury Instruction is slightly modified to add "with a Codefendant **and other accomplices**".

18

**S4.1**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts allegedly done by the Defendants on other occasions that may be similar to acts with which the Defendants are currently charged.   This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendants had the state of mind or intent necessary to commit the crimes charged in the indictment, the Defendants had a motive or the opportunity to commit the acts charged in the indictment, the Defendants acted according to a plan or in preparation to commit a crime, or that the Defendants committed the acts charged in the indictment by accident or mistake.

You may not consider this evidence for any other purpose.

The Defendants are currently on trial only for the crimes charged in the indictment.   You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the indictment.

**S5**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**S7**
**Aiding and Abetting; Agency**
**(18 U.S.C. § 2)**

It's possible to prove a Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator

**S8 (modified)**
**Deliberate Ignorance as Proof of Knowledge**

If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact didn't exist.

"Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a defendant receives a package containing drugs that were acquired illegally but deliberately avoids learning that it contains illicit drugs so he or she can deny knowledge of actual origin of the drugs.

So you may find that a defendant knew about the illegal origin and nature of the drugs if you determine beyond a reasonable doubt that the defendant (1) actually knew about the illegal origin and nature of the drugs, or (2) had every reason to know but deliberately closed his or her eyes.

But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that a Defendant knew about the actual origin of the drugs.

22

**S18**
**Good-Faith Reliance upon Advice of Counsel**

Good-faith is a complete defense to the charge in the indictment because the Government must prove beyond a reasonable doubt that the Defendant acted with the intent to defraud. Evidence that the Defendant in good-faith followed the advice of counsel would be inconsistent with such an unlawful intent.

Unlawful intent has not been proved if the Defendant, before acting:

- made a full and complete good-faith report of all material facts to an attorney he or she considered competent;

- received the attorney's advice as to the specific course of conduct that was followed; and

- reasonably relied upon that advice in good-faith.

23

**Count 1**
**O13.1 (modified)**
**General Conspiracy Charge**
**(18 U.S.C. § 371)**

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out. It's also a Federal crime for anyone to conspire or agree with someone else to defraud the United States or any of its agencies, including the U.S. Food and Drug Administration (FDA).

To "defraud" the United States means to cheat the Government out of property or money or to interfere with any of its lawful governmental functions by deceit, craft, or trickery.

Regarding the separate alleged objects of conspiring to introduce adulterated drugs into interstate commerce and conspiring to introduce misbranded drugs into interstate commerce, I will explain the elements of these crimes for you in a moment.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

A Defendant can be found guilty of this crime only if all the following facts are proved

beyond a reasonable doubt:

*First*:        two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

*Second:*    the Defendant knew the unlawful purpose of the plan and willfully joined in it;

*Third:*       during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

*Fourth:*     the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If a Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

**O13.2**
**Multiple Objects of a Conspiracy – for use with General Conspiracy Charge O13.1**
**(18 U.S.C. § 371)**

In this case, regarding the alleged conspiracy in Count 1, the indictment charges that the Defendants conspired to (a) introduce or deliver for introduction into interstate commerce adulterated drugs with the intent to defraud or mislead; (b) introduce or deliver for introduction into interstate commerce misbranded drugs with the intent to defraud or mislead; and (c) defraud the FDA.   In other words, the Defendants are charged with conspiring to commit two separate substantive crimes and with conspiring to defraud the FDA.

The Government does not have to prove that a Defendant willfully conspired to commit all three of these crimes. It is sufficient if the Government proves beyond a reasonable doubt that a Defendant willfully conspired to commit one of those crimes. But to return a verdict of guilty, you must all agree on which of the three crimes a Defendant conspired to commit.

**The Federal Food, Drug, and Cosmetic Act (FDCA)[5]**

This is a criminal prosecution arising in part under the Federal Food, Drug, and Cosmetic Act, Title 21, United States Code, Sections 301 *et seq.*, which has as its underlying purpose the protection of the public health and welfare, including the protection of consumers.   One of the purposes of the Federal Food, Drug, and Cosmetic Act was to ensure that drugs sold for use by humans were safe, effective, and bore labeling containing only true and accurate information.   I will hereafter refer to the Federal Food, Drug, and Cosmetic Act as the "FDCA."

---

[5] *United States v. Arthur Vanmoor*, Case No. 06-CR-60064-GONZALEZ (S.D. Fla., ECF No. 67 at 24).

**Counts 1, 2, and 3**
**Introduction of an Adulterated or Misbranded Drug into Interstate Commerce**
**(21 U.S.C. § 331(a) and 333(a)(2))[6]**

Count 1 of the indictment charges as two objects of the conspiracy that the Defendants conspired (a) to introduce or deliver for introduction into interstate commerce adulterated drugs with the intent to defraud or mislead; and (b) to introduce or deliver for introduction into interstate commerce misbranded drugs with the intent to defraud or mislead.

I will instruct you momentarily on the meaning of the terms "adulterated" and "misbranded" and the manner in which the drugs in this case are alleged to have been "adulterated" and "misbranded."

Counts 2 and 3 of the indictment charge that the Defendants, with the intent to defraud or mislead, introduced or delivered for introduction into interstate commerce, or caused to be introduced or delivered into interstate commerce, a misbranded drug.

In order for the Defendants to be found guilty of this crime, the government must prove beyond a reasonable doubt all of the following elements:

*First*:        That the Defendant caused a drug, as I will define that term, to be introduced or delivered for introduction into interstate commerce;

*Second:*     That the drug was "misbranded" or "adulterated," as I will explain those terms momentarily; and

*Third*:       That the Defendant acted with the intent to defraud or mislead.

The term "drug" is defined as articles intended for use in the cure, mitigation, treatment, or prevention of disease.[7]

---

[6] Much of this proposed offense instruction is based on *United States v. Arthur Vanmoor*, Case No. 06-CR-60064-GONZALEZ (S.D. Fla., ECF No. 67 at 24-32).

[7] 21 U.S.C. § 321(g)(1)(B).

"Interstate commerce" means commerce between any State or the District of Columbia and any place outside thereof.

If you find for Count 1 that drugs were distributed between states, then you must find that the drugs in this count were in interstate commerce.

If you find for Counts 2 and 3 that the Biktarvy medication identified in those counts was sent from a place outside of Florida, into the State of Florida, then you must find that the Biktarvy was in interstate commerce.

To act with the "intent to defraud" means to act with the specific intent to deceive or cheat. It is not necessary, however, to prove that anyone was, in fact, defrauded so long as it is established beyond a reasonable doubt that the Defendant acted with the intent to defraud.

To act with the "intent to mislead" means to act with the specific intent to create a false impression by misstating, omitting, or concealing facts. It is not necessary, however, to prove that anyone was, in fact, misled so long as it is established beyond a reasonable doubt that the Defendant acted with the intent to mislead.

A Defendant acts with the intent to defraud or mislead under the FDCA if the Defendant acts with the intent to defraud or mislead: (1) the consumers of the Defendant's products; or (2) the Government.

To act with the specific intent to defraud or mislead the consumers of a product means to act with the specific intent to defraud or mislead either the direct purchaser of the product, or subsequent purchasers or users of the product, about the nature of the product being purchased or used or some significant fact or aspect of the product being purchased or used.

To act with the intent to defraud or mislead the Government means to act with the specific intent to interfere with or obstruct a lawful government function by deceit, craft or trickery, or at least by means that are dishonest.

Ordinarily, there is no way that a Defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a Defendant's state of mind can be proven indirectly from the surrounding circumstances. This includes things such as what the defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that bear on the Defendant's intent.

**Count 1**
**Definition of "Adulterated"**
**Object 1**

A drug is "adulterated" if any substance has been substituted in whole or in part for the

drug.[8]

---

[8] 21 U.S.C. § 351(d).

**Count 1**
**Definition of "Misbranded"[9]**
**Object 2**

A drug is misbranded if its labeling is false or misleading in any particular.[10]

The FDCA has distinct definitions for the terms "label" and "labeling."   The term "label" means a display of written, printed, or graphic matter upon the immediate container of any article.

The term "labeling" means all labels and <u>other</u> written, printed, or graphic matter that appears on any product or on any of its containers or wrappers, or that <u>accompanies</u> the product. Thus, the term "labeling" is broader than the term "label," and "labels" are but one kind of "labeling."

It is unnecessary for the matter to have been physically attached to the drug or to have been shipped at the same time or with the drug to constitute "labeling" under the FDCA.   As I just explained, such matter can constitute "labeling" if it "accompanies the product." Such matter may be considered to accompany a drug if the matter is designed for use in the distribution and sale of the drug as part of an integrated distribution program such that the matter supplements, explains, or otherwise textually relates to the drug.[11] You may find that product tracing information (also referred to as T3s or pedigrees), which provides certain information about a drug, such as the origin of the drug, the distributors involved in each sale, the quantity, the lot number, strength and dosage, and the date of each sale, and which accompanies a drug, constitutes "labeling."

In order to find the drug to be misbranded, you do not need to find that the labeling is false or misleading in its entirety. You need only find that any single representation in the labeling is

---

[9] *United States v. Arthur Vanmoor*, Case No. 06-CR-60064-GONZALEZ (S.D. Fla., ECF No. 67, at 32-33).

[10] 21 U.S.C. § 352(a).

[11] *United States v. Kordel*, 335 U.S. 345, 349-50 (1948).

false or misleading, with all of you agreeing as to the particular representation in which the labeling

is false or misleading.

**Count 1**
**Conspiracy to Defraud the FDA**
**Object 3**

The third object of the criminal conspiracy charged in Count 1 is that the Defendants conspired to defraud the FDA.

To "defraud" the FDA, for purposes of this charge, means to interfere with any of the FDA's lawful functions by deceit, craft, or trickery, even if the FDA does not suffer a loss of money or property.[12]

Under the FDCA, the FDA has broad authority to regulate drugs in the United States in order to protect the health and safety of consumers. This broad authority includes the lawful functions to: (a) regulate the interstate distribution of drugs and their components; (b) regulate and protect the integrity of the prescription drug supply chain; (c) ensure that drugs are safe and effective for their intended uses; and (d) ensure that drugs bear truthful and proper labeling.

---

[12] *United States v. Boccuzzi*, Case No. 19-CR-80030-WPD (S.D. Fla., ECF No. 578 at 18).

**Count 4**
**Conspiracy to Traffic in Medical Products with False Documentation**
**(18 U.S.C. § 670)[13]**

Count 4 charges that the Defendants conspired (a) to knowingly and falsely make, alter, forge, or counterfeit the labeling or documentation (including documentation relating to origination or shipping) of a pre-retail medical product, in violation of Title 18, United States Code, Section 670(a)(2); and (b) to knowingly possess, transport, or traffic in a pre-retail medical product involving false, altered, forged, or counterfeited labeling or documentation (including documentation relating to origination or shipping), in violation of Title 18, United States Code, Section 670(a)(3).

In other words, Count 4 of the indictment charges that the Defendants conspired with each other and others to commit two separate substantive crimes.

The Government does <u>not</u> have to prove that a Defendant willfully conspired to commit both crimes.   It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired with another person to (a) knowingly and falsely make, alter, forge, or counterfeit the labeling or documentation (including documentation relating to origination or shipping) of a pre-retail medical product <u>or</u> (b) knowingly possess, transport, or traffic in a pre-retail medical product involving false, altered, forged, or counterfeited labeling or documentation (including documentation relating to origination or shipping).

To return a verdict of guilty, you must all agree that the Defendant committed both substantive crimes <u>or</u> you must all agree on <u>which</u> of the two substantive crimes the Defendant committed.

In order for a Defendant to be found guilty of this charge, the government must prove

---

[13] *See United States v. Raoul Doekhie et al.*, Case No. 18-cr-20989-RKA (S.D. Fla., ECF No. 337, at 18-19).

beyond a reasonable doubt each of the following elements:

*First*:      Two or more people agreed to try to accomplish a common and unlawful plan to violate Title 18, United States Code, Section 670(a)(2) and/or Title 18, United States Code, Section 670(a)(3); and

*Second*:      The Defendant knew about the plan's unlawful purpose and willfully joined in it.

The first object of this charge is that the Defendants conspired to violate Title 18, United States Code, Section 670(a)(2).   The elements of this offense are as follows:

*First*:      The Defendant knowingly obtained a pre-retail medical product;

*Second*:      The Defendant did so by using any means or facility of interstate commerce; and

*Third*:      The Defendant knowingly and falsely made, altered, forged, or counterfeited the labeling or documentation (including documentation relating to origination or shipping) of a pre-retail medical product.

The second object of this charge is that the Defendants conspired to violate Title 18, United States Code, Section 670(a)(3).   In order for a Defendant to be found guilty of this charge, the government must prove beyond a reasonable doubt each of the following elements:

*First*:      The Defendant knowingly possessed, transported, or trafficked in a pre-retail medical product;

*Second*:      The Defendant did so by using any means or facility of interstate commerce;

*Third*:      The labeling or documentation (including documentation relating to origination or shipping) of the pre-retail medical product was falsely made or altered; and

36

>*Fourth*:      The Defendant knew the labeling or documentation (including documentation relating to origination or shipping) was falsely made or altered.

The term "pre-retail medical product" means a medical product that has not yet been made available for retail purchase by a consumer.   Under the law, the consumer is the person who will or does actually obtain the medical benefit of the medical product.   The consumer of a drug is the person who swallows the pill or otherwise receives the drug for therapeutic reasons.

The term "medical product" means a drug.

The terms "drug" and "labeling" have the meanings given those terms in the FDCA, which I have defined for you above.

If you find that the Defendant committed this offense, you must also find whether the value of the medical products involved in the offense was $5,000 or greater.

If you find that the Defendant committed this offense, you must also find whether the Defendant was employed by, or was an agent of, an organization in the supply chain for the pre-retail medical product.

The term "supply chain" includes a wholesaler of pre-retail medical products.

**Count 5**
**O54**
**Conspiracy to Commit Wire Fraud**
**(18 U.S.C. § 1349)**

It's a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act.   In other words, it is a kind of partnership for criminal purposes.   Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.   The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

A Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

*First:*          two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the indictment; and

*Second*:          the Defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all of the other alleged conspirators.

If a Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find a Defendant guilty.

38

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.   Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

**Counts 6-8**
**O51 (modified)[14]**
**Wire Fraud**
**18 U.S.C. § 1343**

It's a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

A Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

*First*:        the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

*Second*:        the false pretenses, representations, or promises were about a material fact;

*Third*:        the Defendant acted with the intent to defraud; and

*Fourth*:        the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone to obtain money or property by using false or fraudulent pretenses, representations, or promises.  This includes deceiving another into paying for one thing, and then delivering something materially different.[15]

A statement or representation is "false" or "fraudulent" if it is about a material fact that the

---

[14] The modifications below are based on the recent Supreme Court decision in *Kousisis v. United States*, 605 U.S. -----, 145 S. Ct. 1382 (May 22, 2025), interpreting the wire fraud statute.

[15] *See Kousisis*, 145 S. Ct. at 1415 (Justice Sotomayor, concurring) ("[T]his case presents a classic scheme to defraud: Petitioners tricked PennDOT into paying for one thing, and then delivered something materially different.").

speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud.   A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something.   A fact is "material" if it has the capacity or natural tendency to influence a person's decision.   It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to obtain a victim's money or property, regardless of whether a Defendant intends to leave the victim economically worse off.[16]   This includes intentionally lying to induce a victim into a transaction that will cost him or her money or property.[17]

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme.   It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire.   And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be

---

[16] *Id.* at 1392 ("In short, the wire fraud statute is agnostic about economic loss. The statute does not so much as mention loss, let alone require it. Instead, a defendant violates § 1343 by scheming to 'obtain' the victim's 'money or property,' regardless of whether he seeks to leave the victim economically worse off.")

[17] *Id.* at 1398 ("The [wire fraud] theory criminalizes a particular species of fraud: intentionally lying to induce a victim into a transaction that will cost her money or property.")

sent through the wire communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

**O13.5**
***Pinkerton* Instruction**

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime. So, regarding Counts 2-3, if you have first found a Defendant guilty of the crime of conspiring to introduce or deliver for introduction into interstate commerce misbranded drugs with the intent to defraud or mislead, you may also find that Defendant guilty of any of the crimes charged in Counts 2-3 even though the Defendant did not personally participate in the crime.

Regarding Counts 6-8, if you have first found a Defendant guilty of the crime of conspiring to commit wire fraud, you may also find that Defendant guilty of any of the crimes charged in Counts 6-8 even though the Defendant did not personally participate in the crime.

To do so, you must find beyond a reasonable doubt: (1) during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose; (2) the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and (3) it was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-CR-20255-DIMITROULEAS/HUNT**

**UNITED STATES OF AMERICA,**

**vs.**

**PATRICK BOYD,**

                        **Defendant.**

_____/

**<u>VERDICT FORM</u>**

We, the jury, unanimously find as follows as to the charges against Defendant Patrick Boyd:

1.     As to Count 1, conspiracy to introduce or deliver for introduction into interstate commerce adulterated and misbranded drugs with the intent to defraud or mislead, and to defraud the FDA,

    _____                             _____
    GUILTY                                   NOT GUILTY

If your verdict is GUILTY, indicate which Object(s) of the conspiracy (choose one):

_____     All three: Introducing or delivering for introduction into interstate commerce adulterated and misbranded drugs with the intent to defraud or mislead, and defrauding the FDA.

_____     Only introducing or delivering for introduction into interstate commerce adulterated drugs with the intent to defraud or mislead.

_____     Only introducing or delivering for introduction into interstate commerce misbranded drugs with the intent to defraud or mislead.

_____     Only defrauding the FDA.

2.      As to Count 2, the shipment of misbranded Biktarvy on or about January 21, 2021,

_____                                    _____
GUILTY                                                   NOT GUILTY

3.      As to Count 3, the shipment of misbranded Biktarvy on or about February 23, 2021,

_____                                    _____
GUILTY                                                   NOT GUILTY

4.      As to Count 4, conspiracy to traffic in pre-retail medical products with false documentation,

_____                                    _____
GUILTY                                                   NOT GUILTY

If your verdict is GUILTY, indicate which Object(s) of the conspiracy (choose one):

_____      Both knowingly and falsely making or altering the labeling or documentation (including documentation relating to origination or shipping) of a pre-retail medical product, _and_ knowingly possessing, transporting, or trafficking in a pre-retail medical product involving false or altered labeling or documentation (including documentation relating to origination or shipping).

_____      Only knowingly and falsely making or altering the labeling or documentation (including documentation relating to origination or shipping) of a pre-retail medical product.

_____      Only knowingly possessing, transporting, or trafficking in a pre-retail medical product involving false or altered labeling or documentation (including documentation relating to origination or shipping).

2

5.      As to Count 5, conspiracy to commit wire fraud,

_____                    _____
GUILTY                                     NOT GUILTY

6.      As to Count 6, wire fraud involving the wire transfer of $400,000 to Gentek on or about August 6, 2020,

_____                    _____
GUILTY                                     NOT GUILTY

7.      As to Count 7, wire fraud involving the email transmission from Adam Brosius to Patrick Boyd and Charles Boyd on or about October 30, 2020,

_____                    _____
GUILTY                                     NOT GUILTY

8.      As to Count 8, wire fraud involving the email transmission from Safe Chain to its pharmacy customer on or about April 13, 2021,

_____                    _____
GUILTY                                     NOT GUILTY

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-CR-20255-DIMITROULEAS/HUNT**

**UNITED STATES OF AMERICA,**

**vs.**

**CHARLES BOYD,**

             **Defendant.**

_____/

**<u>VERDICT FORM</u>**

We, the jury, unanimously find as follows as to the charges against Defendant Charles Boyd:

1.  As to Count 1, conspiracy to introduce or deliver for introduction into interstate commerce adulterated and misbranded drugs with the intent to defraud or mislead, and to defraud the FDA,

_____                     _____
GUILTY                           NOT GUILTY

If your verdict is GUILTY, indicate which Object(s) of the conspiracy (choose one):

_____    All three: Introducing or delivering for introduction into interstate commerce adulterated and misbranded drugs with the intent to defraud or mislead, and defrauding the FDA.

_____    Only introducing or delivering for introduction into interstate commerce adulterated drugs with the intent to defraud or mislead.

_____    Only introducing or delivering for introduction into interstate commerce misbranded drugs with the intent to defraud or mislead.

_____    Only defrauding the FDA.

4

2.      As to Count 2, the shipment of misbranded Biktarvy on or about January 21, 2021,

_____                       _____
GUILTY                                 NOT GUILTY

3.      As to Count 3, the shipment of misbranded Biktarvy on or about February 23, 2021,

_____                       _____
GUILTY                                 NOT GUILTY

4.      As to Count 4, conspiracy to traffic in pre-retail medical products with false documentation,

_____                       _____
GUILTY                                 NOT GUILTY

If your verdict is GUILTY, indicate which Object(s) of the conspiracy (choose one):

_____      Both knowingly and falsely making or altering the labeling or documentation (including documentation relating to origination or shipping) of a pre-retail medical product, <u>and</u> knowingly possessing, transporting, or trafficking in a pre-retail medical product involving false or altered labeling or documentation (including documentation relating to origination or shipping).

_____      Only knowingly and falsely making or altering the labeling or documentation (including documentation relating to origination or shipping) of a pre-retail medical product.

_____      Only knowingly possessing, transporting, or trafficking in a pre-retail medical product involving false or altered labeling or documentation (including documentation relating to origination or shipping).

5.      As to Count 5, conspiracy to commit wire fraud,

_____                                    _____
GUILTY                                                        NOT GUILTY

6.      As to Count 6, wire fraud involving the wire transfer of $400,000 to Gentek on or

about August 6, 2020,

_____                                    _____
GUILTY                                                        NOT GUILTY

7.      As to Count 7, wire fraud involving the email transmission from Adam Brosius to

Patrick Boyd and Charles Boyd on or about October 30, 2020,

_____                                    _____
GUILTY                                                        NOT GUILTY

8.      As to Count 8, wire fraud involving the email transmission from Safe Chain to its

pharmacy customer on or about April 13, 2021,

_____                                    _____
GUILTY                                                        NOT GUILTY

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that undersigned electronically filed the foregoing with the Clerk of

Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record, this the 10th day of September, 2025.


*/s/ Alexander Thor Pogozelski*
Assistant United States Attorney