UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-20255-DIMITROULEAS/HUNT

UNITED STATES OF AMERICA,

vs.

PATRICK BOYD and
CHARLES BOYD,

Defendants.

_____/

B1
COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendants guilty beyond a reasonable doubt.

## B2.1
### The Duty to Follow Instructions and the Presumption of Innocence [When a Defendant Does Not Testify]

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendants or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendants do not have to prove their innocence or produce any evidence at all. A defendant does not have to testify, and you cannot consider in any way the fact that a Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find a Defendant not guilty.

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning a Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## B5
## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

### S1.1
### Testimony of Accomplice, Informer, or Witness with Immunity

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement. But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

### Charts or Summaries Admitted in Evidence

Certain summaries and charts were admitted in evidence.   You may use those summaries and charts as evidence.

It is up to you to decide how much weight to give the charts and summaries.

## S5
## Note-taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

The indictment charges eight separate crimes, called "counts," against the Defendants. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendants knowingly and willfully conspired to Introduce Adulterated and Misbranded Drugs and defraud the FDA

Counts Two and Three charge that Defendants committed what are called "substantive offenses," specifically Introduction of a Misbranded Drug Into Interstate Commerce. I will explain the law governing those substantive offenses in a moment.

Count Four charges that the Defendants knowingly and willfully conspired to Traffic in Medical Products with False Documentation. I will explain the law governing that substantive offense in a moment.

Count Five charges that the Defendants knowingly and willfully conspired to Commit Wire Fraud

Counts Six, Seven and Eight charge that Defendants committed what are called "substantive offenses," specifically Wire Fraud. I will explain the law governing those substantive offenses in a moment.

But first note that the Defendants are not charged in Counts One, Four and Five with committing a substantive offense – they are charged with <u>conspiring</u> to commit that offense.

I will also give you specific instructions on conspiracy.

**B8**
**B8.1**
**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed,

the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and."

If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction,

so long as you agree unanimously as to that alternative.

## Count 1

### General Conspiracy Charge
### (18 U.S.C. § 371)

It's a separate Federal crime for anyone to conspire with someone else to do something that would be another Federal crime if it was actually carried out. It's also a Federal crime for anyone to conspire with someone else to defraud the United States or any of its agencies, including the U.S. Food and Drug Administration (FDA).

To "defraud" the United States means to cheat the Government out of property or money or to interfere with any of its lawful governmental functions by deceit, craft, or trickery.

Regarding the separate alleged objects of conspiring to introduce adulterated drugs into interstate commerce and conspiring to introduce misbranded drugs into interstate commerce, I will explain the elements of these crimes for you in a moment.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

A Defendant can be found guilty of this crime only if all the following facts are proved

18

beyond a reasonable doubt:

*First*:        two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

*Second*:    the Defendant knew the unlawful purpose of the plan and willfully joined in it;

*Third*:      during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

*Fourth*:    the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If a Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

19

**Multiple Objects of a Conspiracy – for use with General Conspiracy Charge**
**(18 U.S.C. § 371)**

In this case, regarding the alleged conspiracy in Count 1, the indictment charges that the Defendants conspired to (a) introduce or deliver for introduction into interstate commerce adulterated drugs with the intent to defraud or mislead; (b) introduce or deliver for introduction into interstate commerce misbranded drugs with the intent to defraud or mislead; and (c) defraud the FDA. In other words, the Defendants are charged with conspiring to commit two separate substantive crimes and with conspiring to defraud the FDA.

The Government does not have to prove that a Defendant willfully conspired to commit all three of these crimes. It is sufficient if the Government proves beyond a reasonable doubt that a Defendant willfully conspired to commit one of those crimes. But to return a verdict of guilty, you must all agree on which of the three crimes a Defendant conspired to commit.

**The Federal Food, Drug, and Cosmetic Act (FDCA)**

This is a criminal prosecution arising in part under the Federal Food, Drug, and Cosmetic Act, Title 21, United States Code, Sections 301 *et seq.*, which has as its underlying purpose the protection of the public health and welfare, including the protection of consumers.   One of the purposes of the Federal Food, Drug, and Cosmetic Act was to ensure that drugs sold for use by humans were safe, effective, and bore labeling containing only true and accurate information.   I will hereafter refer to the Federal Food, Drug, and Cosmetic Act as the "FDCA."

## Counts 1, 2, and 3
### Introduction of an Adulterated or Misbranded Drug into Interstate Commerce
### (21 U.S.C. § 331(a) and 333(a)(2))

Count 1 of the indictment charges as two objects of the conspiracy that the Defendants conspired (a) to introduce or deliver for introduction into interstate commerce adulterated drugs with the intent to defraud or mislead; and (b) to introduce or deliver for introduction into interstate commerce misbranded drugs with the intent to defraud or mislead.

I will instruct you momentarily on the meaning of the terms "adulterated" and "misbranded" and the manner in which the drugs in this case are alleged to have been "adulterated" and "misbranded."

Counts 2 and 3 of the indictment charge that the Defendants, with the intent to defraud or mislead, introduced or delivered for introduction into interstate commerce, or caused to be introduced or delivered into interstate commerce, a misbranded drug.

In order for the Defendants to be found guilty of this crime, the government must prove beyond a reasonable doubt all of the following elements:

*First*: That the Defendant caused a drug, as I will define that term, to be introduced or delivered for introduction into interstate commerce;

*Second:* That the drug was "misbranded" or "adulterated," as I will explain those terms momentarily; and

*Third*: That the Defendant acted with the intent to defraud or mislead.

The term "drug" is defined as articles intended for use in the cure, mitigation, treatment, or prevention of disease.

"Interstate commerce" means commerce between any State or the District of Columbia and any place outside thereof.

22

If you find for Count 1 that drugs were distributed between states, then you must find that the drugs in this count were in interstate commerce.

If you find for Counts 2 and 3 that the Biktarvy medication identified in those counts was sent from a place outside of Florida, into the State of Florida, then you must find that the Biktarvy was in interstate commerce.

To act with the "intent to defraud" means to act with the specific intent to deceive or cheat. It is not necessary, however, to prove that anyone was, in fact, defrauded so long as it is established beyond a reasonable doubt that the Defendant acted with the intent to defraud.

To act with the "intent to mislead" means to act with the specific intent to create a false impression by misstating, omitting, or concealing facts. It is not necessary, however, to prove that anyone was, in fact, misled so long as it is established beyond a reasonable doubt that the Defendant acted with the intent to mislead.

A Defendant acts with the intent to defraud or mislead under the FDCA if the Defendant acts with the intent to defraud or mislead: (1) the consumers of the Defendant's products; or (2) the Government.

To act with the specific intent to defraud or mislead the consumers of a product means to act with the specific intent to defraud or mislead either the direct purchaser of the product, or subsequent purchasers or users of the product, about the nature of the product being purchased or used or some significant fact or aspect of the product being purchased or used.

To act with the intent to defraud or mislead the Government means to act with the specific intent to interfere with or obstruct a lawful government function by deceit, craft or trickery, or at least by means that are dishonest.

Ordinarily, there is no way that a Defendant's state of mind can be proved directly, because

23

no one can read another person's mind and tell what that person is thinking. But a Defendant's state of mind can be proven indirectly from the surrounding circumstances. This includes things such as what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that bear on the Defendant's intent.

**Count 1**
**Definition of "Adulterated"**
**Object 1**

A drug is "adulterated" if any substance has been substituted in whole or in part for the

drug.

**Count 1**
**Definition of "Misbranded"**
**Object 2**

A drug is misbranded if its labeling is false or misleading in any particular.

The FDCA has distinct definitions for the terms "label" and "labeling."   The term "label" means a display of written, printed, or graphic matter upon the immediate container of any article.

The term "labeling" means all labels and other written, printed, or graphic matter that appears on any product or on any of its containers or wrappers, or that accompanies the product. Thus, the term "labeling" is broader than the term "label," and "labels" are but one kind of "labeling."

It is unnecessary for the matter to have been physically attached to the drug or to have been shipped at the same time or with the drug to constitute "labeling" under the FDCA.   As I just explained, such matter can constitute "labeling" if it "accompanies the product." Such matter may be considered to accompany a drug if the matter is designed for use in the distribution and sale of the drug as part of an integrated distribution program such that the matter supplements, explains, or otherwise textually relates to the drug. You may find that product tracing information (also referred to as T3s or pedigrees), which provides certain information about a drug, such as the origin of the drug, the distributors involved in each sale, the quantity, the lot number, strength and dosage, and the date of each sale, and which accompanies a drug, constitutes "labeling."

In order to find the drug to be misbranded, you do not need to find that the labeling is false or misleading in its entirety. You need only find that any single representation in the labeling is false or misleading, with all of you agreeing as to the particular representation in which the labeling is false or misleading.

26

**Count 1**
**Conspiracy to Defraud the FDA**
**Object 3**

The third object of the criminal conspiracy charged in Count 1 is that the Defendants conspired or agreed to defraud the FDA.

To "defraud" the FDA, for purposes of this charge, means to interfere with any of the FDA's lawful functions by deceit, craft, or trickery, even if the FDA does not suffer a loss of money or property.

Under the FDCA, the FDA has broad authority to regulate drugs in the United States in order to protect the health and safety of consumers. This broad authority includes the lawful functions to: (a) regulate the interstate distribution of drugs and their components; (b) regulate and protect the integrity of the prescription drug supply chain; (c) ensure that drugs are safe and effective for their intended uses; and (d) ensure that drugs bear truthful and proper labeling.

## Count 4
### Conspiracy to Traffic in Medical Products with False Documentation
#### (18 U.S.C. § 670)

It's a Federal crime to knowingly and willfully conspire with someone to do something that, if actually carried out, would result in the crime of knowingly and falsely making or altering the labeling or documentation (including documentation relating to origination or shipping) of a pre-retail medical product. It's also a Federal crime to knowingly and willfully conspire with someone to do something that, if actually carried out, would result in the crime of knowingly possessing, transporting, or trafficking in a pre-retail medical product involving false or altered labeling or documentation (including documentation relating to origination or shipping).

In other words, Count 4 of the indictment charges that the Defendants conspired with each other and others to commit two separate substantive crimes.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all of the other alleged conspirators.

If a Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find a Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people

29

and discussing common goals and interests doesn't establish proof of a conspiracy.   Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

In order for a Defendant to be found guilty of this charge, the government must prove beyond a reasonable doubt each of the following elements:

*First*:        Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to (a) to falsely make or alter the labeling or documentation (including documentation relating to origination or shipping) of a pre-retail medical product, and/or (b) to possess, transport, or traffic in a pre-retail medical product involving false or altered labeling or documentation (including documentation relating to origination or shipping); and

*Second*:        The Defendant knew about the plan's unlawful purpose and willfully joined in it.

The Government does <u>not</u> have to prove that a Defendant willfully conspired to commit both crimes.   It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired with another person to commit only one of the two substantive crimes alleged in this count.

The first object of this count is that the Defendants conspired to violate the substantive crime outlined in Title 18, United States Code, Section 670(a)(2).   The elements of this offense are as follows:

*First*:        The Defendant knowingly obtained a pre-retail medical product;

*Second*:        The Defendant did so by using any means or facility of interstate commerce;

and

*Third*:  The Defendant knowingly and falsely made or altered the labeling or documentation (including documentation relating to origination or shipping) of a pre-retail medical product.

The second object of this count is that the Defendants conspired to violate the substantive crime outlined in Title 18, United States Code, Section 670(a)(3).   In order for a Defendant to be found guilty of this charge, the government must prove beyond a reasonable doubt each of the following elements:

*First*:  The Defendant knowingly possessed, transported, or trafficked in a pre-retail medical product;

*Second*:  The Defendant did so by using any means or facility of interstate commerce;

*Third*:  The labeling or documentation (including documentation relating to origination or shipping) of the pre-retail medical product was falsely made or altered; and

*Fourth*:  The Defendant knew the labeling or documentation (including documentation relating to origination or shipping) was falsely made or altered.

To return a verdict of guilty, you must all agree that either the Defendant conspired to commit both substantive crimes or you must all agree on which one of the two substantive crimes the Defendant conspired to commit.

The term "pre-retail medical product" means a medical product that has not yet been made available for retail purchase by a consumer.   Under the law, the consumer is the person who will or does actually obtain the medical benefit of the medical product.   The consumer of a drug is the

person who swallows the pill or otherwise receives the drug for therapeutic reasons.

The term "medical product" means a drug.

The terms "drug" and "labeling" have the meanings given those terms in the FDCA, which I have defined for you above.

If you find that the Defendant committed this offense, you must also find whether the value of the medical products involved in the offense was $5,000 or greater.

If you find that the Defendant committed this offense, you must also find whether the Defendant was employed by, or was an agent of, an organization in the supply chain for the pre-retail medical product.

The term "supply chain" includes a wholesaler of pre-retail medical products.

**Count 5**

**Conspiracy to Commit Wire Fraud**
**(18 U.S.C. § 1349)**

It's a Federal crime to knowingly and willfully conspire with someone to do something that, if actually carried out, would result in the crime of wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

A Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

*First:*    two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the indictment; and

*Second:*    the Defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all of the other alleged conspirators.

If a Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find a Defendant guilty.

33

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.   Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

Counts 6-8

**Wire Fraud**
**18 U.S.C. § 1343**

It's a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

A Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

*First*:        the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

*Second*:        the false pretenses, representations, or promises were about a material fact;

*Third*:        the Defendant acted with the intent to defraud; and

*Fourth*:        the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone to obtain money or property by using false or fraudulent pretenses, representations, or promises. This includes deceiving another into paying for one thing, and then delivering something materially different.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether

35

to do or not do something.   A fact is "material" if it has the capacity or natural tendency to influence a person's decision.   It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to obtain a victim's money or property, regardless of whether a Defendant intends to leave the victim economically worse off.   This includes intentionally lying to induce a victim into a transaction that will cost him or her money or property.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme.   It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire.   And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through the wire communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

### Instruction

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime. So, regarding Counts 2-3, if you have first found a Defendant guilty of the crime of conspiring to introduce or deliver for introduction into interstate commerce misbranded drugs with the intent to defraud or mislead, you may also find that Defendant guilty of any of the crimes charged in Counts 2-3 even though the Defendant did not personally participate in the crime.

Regarding Counts 6-8, if you have first found a Defendant guilty of the crime of conspiring to commit wire fraud, you may also find that Defendant guilty of any of the crimes charged in Counts 6-8 even though the Defendant did not personally participate in the crime.

To do so, you must find beyond a reasonable doubt: (1) during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose; (2) the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and (3) it was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

37

## S7
### Aiding and Abetting; Agency
### (18 U.S.C. § 2)

It's possible to prove a Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator

## S8
## Deliberate Ignorance as Proof of Knowledge

If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact didn't exist.

"Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a defendant receives a package containing drugs that were acquired illegally but deliberately avoids learning that it contains illicit drugs so he or she can deny knowledge of actual origin of the drugs.

So you may find that a defendant knew about the illegal origin and nature of the drugs if you determine beyond a reasonable doubt that the defendant (1) actually knew about the illegal origin and nature of the drugs, or (2) had every reason to know but deliberately closed his or her eyes.

But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that a Defendant knew about the actual origin of the drugs.

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-20255-WPD

UNITED STATES OF AMERICA

v.

PATRICK BOYD and
CHARLES BOYD,
      Defendants.

_____/

## THEORY OF DEFENSE INSTRUCTION

Patrick Boyd's theory of defense is that the Government has failed to prove beyond a reasonable doubt that Patrick Boyd had the required intent to defraud or willfulness to commit any of the offenses charged in the indictment. The evidence presented at trial must be viewed through the lens of Patrick Boyd's good faith in conducting the business of Safe Chain. Although Patrick Boyd's actions or business judgment might retrospectively be questioned or even second guessed, none of Patrick Boyd's actions were accompanied by an intent to defraud or willfulness when actually performed. Patrick Boyd maintains that Safe Chain was in fact the victim of fraudulent conduct orchestrated by the operators of the HIV vendor companies

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-20255-WPD

UNITED STATES OF AMERICA

v.

PATRICK BOYD and
CHARLES BOYD,
     Defendants.
_____/

## THEORY OF DEFENSE INSTRUCTION

    Charles Boyd's theory of defense is that the Government has failed
to prove beyond a reasonable doubt that Charles Boyd had the
required intent to defraud or willfulness to commit any of the
offenses charged in the indictment. The evidence presented at trial
must be viewed through the lens of Charles Boyd's good faith in
conducting the business of Safe Chain. Although Charles Boyd's
actions or business judgment might retrospectively be questioned or
even second guessed, none of Charles Boyd's actions were
accompanied by an intent to defraud or willfulness when actually
performed. Charles Boyd maintains that Safe Chain was in fact the
victim of fraudulent conduct orchestrated by the operators of the
HIV vendor companies

## **GOOD-FAITH DEFENSE**

"Good-Faith" is a complete defense to each of the charges in the indictment since each count alleges an offense requiring willfulness and/or an intent to defraud and/or willfulness. A defendant isn't required to prove good faith. The Government must prove intent to defraud and/or willfulness beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent or willfulness – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent or willfulness.

But an honest belief that a business venture would ultimately succeed does not constitute good faith if the defendant intended to deceive others by making representations the defendant knew to be false or fraudulent.

2

## Good-Faith Reliance upon Advice of Counsel

Good-faith is a complete defense to the charge in the indictment because the Government must prove beyond a reasonable doubt that the Defendant acted with the intent to defraud. Evidence that the Defendant in good-faith followed the advice of counsel would be inconsistent with such an unlawful intent.

Unlawful intent has not been proved if the Defendant, before acting:

- made a full and complete good-faith report of all material facts to an attorney he or she considered competent;

- received the attorney's advice as to the specific course of conduct that was followed; and

- reasonably relied upon that advice in good-faith.

**B9.1A**
**Knowingly; Willfully – General**

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**B9.2**
**On or About a Particular Date**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

**B10.4**
**Caution: Punishment (Multiple Defendants, Multiple Counts)**

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. If you find a Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty or not guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

10

## B11
## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## B12
## Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

12