UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-20255-WPD

UNITED STATES OF AMERICA

v.

PATRICK BOYD and
CHARLES BOYD,
    Defendants.
_____/

## CHARLES BOYD'S RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Charles Boyd ("Boyd") through undersigned counsel submits this Response in Opposition to the United States' Motion for Preliminary Order of Forfeiture. (D.E. 246). Boyd's Response follows his conviction on seven counts of an eight-count indictment, charging among other offenses, conspiracy to commit wire fraud in violation of 18 U.S.C. §1349. (D.E. 10). Boyd and his codefendant brother Patrick Boyd were convicted of the same offenses. (D.E. 213 and 214).

The Government filed identical Motions for Preliminary Order of Forfeiture as to both Charles and Patrick Boyd. (D.E. 246 and 245). Patrick Boyd filed his Response in Opposition to United States' Motion for Preliminary Order of Forfeiture on January 16, 2026 (D.E. 258). Patrick Boyd's Response included a request for an evidentiary hearing pursuant to Rule 32.2, Fed.R.Cr.P. (Id.).

Charles Boyd adopts each of the grounds set forth in Patrick Boyd's Response in Opposition to the United States' Motion for Preliminary Order of Forfeiture, as well as the arguments in support of those grounds. Additionally, Charles Boyd joins Patrick Boyd's request that this Court conduct an evidentiary hearing pursuant to Rule 32.2 Fed.R.Cr.P. for the issues identified in Patrick Boyd's Response.

Charles Boyd, based on 18 U.S.C. §3553(a)(6), further objects to the $21.85 million forfeiture money judgement sought by the Government. Specifically, the requested $21.85 million money judgement constitutes an unwarranted sentence disparity among defendants with similar records who have been found guilty of the same conduct. Adam Brosius, a codefendant of Charles Boyd and Patrick Boyd (D.E. 10), was convicted of the same wire fraud count that is the basis of the forfeiture motion (D.E. 63). Brosius was previously sentenced by the Court without any forfeiture judgment (D.E. 239). While Brosius entered into a plea agreement with the Government, the elimination of forfeiture exposure was not part of that agreement (D.E. 66).

The unwarranted sentence disparity issue extends to the various sources of the HIV drugs that are the subject of the indictment. For instance, Peter Khaim, who was the Boulevard owner, supplied a large quantity of the HIV drugs to Safe Chain. Khaim has never even been prosecuted for his role as the HIV drug source and consequently, has not been the subject of any criminal forfeiture judgment for the gross proceeds he received from Safe Chain. Boyd is unaware of any civil forfeiture proceedings against Khaim. Subject to contrary notification from the Government, Boyd is unaware whether any of the other sources of HIV drugs supplied to Safe Chain have been the subject of criminal forfeiture judgements based on their role as suppliers of the HIV drugs to Safe Chain.

Should a forfeiture money judgment be ordered, calculation of the amount of Boyd's judgment should be determined from the "proceeds" of the alleged wire fraud offense and not from the "gross proceeds" of the offense as asserted in the Government's Motion. The forfeiture allegation in the indictment specifically identifies "proceeds" traceable to the wire fraud offense as opposed to "gross proceeds" being the basis of the wire fraud forfeiture. (D.E. 10 at 17 par. 3). Contrary to the Government's claim of a citation error in the Indictment's forfeiture notice (D.E.

246 at 2 n. 1), the Indictment unequivocally states that the forfeiture is based on "proceeds traceable to the offense". (Id.). That identification of "proceeds" as opposed to "gross proceeds" is consistent with the forfeiture citation.

Boyd requests that this Court set an evidentiary hearing pursuant to Rule 32.2 and otherwise deny the Government's Motion for Preliminary Order of Forfeiture as set forth in D.E. 246.

Dated: January 19, 2026

Respectfully Submitted,

**By: s/ Bruce A. Zimet, Esq.**
Florida Bar No. 0225053
**BRUCE A. ZIMET, P.A.**
1555 Palm Beach Lakes Blvd.
Suite 1400
West Palm Beach, FL 33401
Tel: (561) 508-7741
Tel: (954) 764-7081
Email: BAZ@BruceAZimetLaw.com
***Counsel for Charlie Boyd***

3

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on January 19, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully Submitted,

**By: s/ Bruce A. Zimet, Esq.**
Florida Bar No. 0225053
**BRUCE A. ZIMET, P.A.**
1555 Palm Beach Lakes Blvd.
Suite 1400
West Palm Beach, FL 33401
Tel: (561) 508-7741
Tel: (954) 764-7081
Email: BAZ@BruceAZimetLaw.com
*Counsel for Charlie Boyd*